WICKER, Judge.
Henderson Wilson, the plaintiff in this suit for damages or restitution of property, appeals a judgment sustaining exceptions of prescription and non-joinder of an indispensable party (this latter is not an issue herein) and dismissing his suit. We affirm.
Wilson owned a truck which was parked either on public property or on his own property, depending on whose allegations are correct. Jefferson Parish tagged the truck for removal; and Car Crushers, Inc., under its contract with the parish, arranged to have the truck towed by Coleman’s Wrecking Service on or about August 10, 1989. Wilson couldn’t immediately locate his truck but eventually telephoned Coleman Wrecking about the return of his truck. Nothing further happened until Wilson got an attorney who sent a demand letter to Coleman Wrecking on January 15, 1992.
Wilson filed suit against Coleman Wrecking on March 10, 1992, demanding restitution of his property and/or damages in the amount of the alleged value of the truck. Coleman Wrecking filed an exception of prescription and of non-joinder of indispensable parties: Car Crushers and Jefferson Parish. At this point, Wilson amended his petition to add Car Crushers but not Jefferson Parish.
At the hearing on exceptions, the judge ruled that the claim for damages was prescribed but that Wilson might pursue his restitution of property claim. He ruled that the proper party against whom such a claim should be prosecuted was Jefferson Parish however, since all this was done pursuant to a parish ordinance. Wilson filed a suspen-sive appeal.
Obviously, Wilson’s claim is prescribed on its face: there was a lapse of two and a half years from the time his truck was picked up until he filed suit. He argues, however, that Coleman Wrecking refused to admit that it had the truck despite his inquiries, that a year passed before he discovered that Car Crushers had his truck, and that consequently contra non valentem agere nulla currit praescriptio should apply.
We find no error in the judge’s ruling on the issue of prescription. Wilson knew, according to his petition, as early as November of 1989 that Coleman Wrecking had taken his truck. Since the claim is prescribed on its face, Wilson had the burden of proving suspension of prescription due to lack of knowledge. Bennett v. General Motors Corp., 420 So.2d 531 (La.App. 2d Cir. 1982). This he has failed to do.
*523 We affirm the judgment dismissing Wilson’s claims for damages against Coleman’s Wrecking Service and Car Crushers, Inc. Henderson Wilson must pay the costs of this appeal.

AFFIRMED.